KING LUMBER COMPANY, APPELLANT, v. OMAHA STEEL
CONSTRUCTION COMPANY ET AL., APPELLEES.

FILED JUNE 18, 1915. No. 18201.

Foreign Corporation: PROCESS: SERVICE: MANAGING AGENT. In an action against a nonresident corporation, summons may be served on its managing agent in the erection of a building in the county where the suit is brought, and the fact that such managing agent had been ordered to go to another state to erect a building for the corporation, when the summons was served, does not render the service void or deprive the court of jurisdiction.

APPEAL from the district court for Phelps county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

King Lumber Co. v. Omaha Steel Construction Co.

*H. M. Sinclair* and *W. P. Hall,* for appellant.

*Dravo & Dilworth, contra.*

BARNES, J.

This was an action brought by the King Lumber Company, a Virginia corporation, against the Omaha Steel Construction Company, L. C. Barr, county judge, and G. A. Anderson, sheriff of Phelps county, to enjoin the enforcement of a judgment of the county court of that county. The trial court found for the defendant and rendered a judgment dismissing the plaintiff's action. The plaintiff has appealed.

Appellant contends that the court erred in dismissing the action, because the county court, which rendered the judgment, was without jurisdiction of the person of the defendant. It appears that the appellant had a contract with the United States government for the erection of a post office building in the city of Holdrege; that one K. W. Hosmer was the plaintiff's foreman in charge of the work of erecting the building; that, representing the corporation, he entered into a contract with the Omaha Steel Construction Company to erect the steel part of the structure; that there was at least some amount due that company from the plaintiff when the action was commenced in the county court of Phelps county. Summons was served on Hosmer, as managing agent of the plaintiff, by the sheriff. The defendant did not appear and judgment was rendered for the Omaha Steel Construction Company by default. No appeal was taken, and an execution was issued on the judgment, which was placed in the hands of Sheriff Anderson, and was levied on property belonging to the judgment debtor.

The testimony shows that Hosmer had been in the sole charge of the construction of the post office building for and on behalf of, the plaintiff; that on the 17th day of June, 1912, he was ordered to go to Olympia, Washington, to take charge of the erection of a building for the plaintiff at that place. On the 18th day of June, and while

Hosmer was still in Holdrege and in the employ of the plaintiff, service of summons was made upon the plaintiff by delivering to Hosmer a certified copy thereof. The testimony also shows that one Daugherty was in charge of the work at Holdrege from and after the 17th day of June, and when the service was made. It is contended that for that reason the court was without jurisdiction to render the judgment, the enforcement of which the plaintiff in this action sought to enjoin. It appears from Hosmer's testimony that the summons was served upon him, but he claims to have told the sheriff to see Daugherty. The appellant insists that it was not informed by Hosmer that the suit was pending, but that was neither the fault of the sheriff nor of the Omaha Steel Construction Company. The court which rendered the judgment sought to be enjoined had jurisdiction, and the fact that the appellant claims to have had a defense to the action is not decisive of this case.

As to the second point urged, the evidence does not show an accord and satisfaction.

The record contains no reversible error, and the judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.